UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KEITH E. BROWN-EL,                    )
                                      )
            Plaintiff,                )
                                      )
     v.                               )          No. 4:10CV457 HEA
                                      )
ST. LOUIS COMMUNITY RELEASE           )
CENTER, et al.,                       )
                                      )
            Defendants.               )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to file an amended complaint

in this closed case. The Court previously dismissed this action under 28 U.S.C. §

1915(e) because defendant St. Louis Community Release Center is immune from suit

and because the complaint failed to state a claim against the individual defendants.

In his proposed amended complaint, plaintiff names as defendants the St. Louis

Community Release Center ("SLCRC"), Doug Holmes (Functional Unit Manager), and

Channa Brown (Grievance Officer). Plaintiff alleges that unnamed correctional officers

deleted his grievance files so that a case he previously brought in this Court would be

dismissed for failure to exhaust administrative remedies. Plaintiff's only allegation

regarding the individually named defendants is that defendant Holmes informed plaintiff

that plaintiff's grievance had been deemed abandoned because plaintiff failed to leave a forwarding address after he was paroled.

First, the Court notes that plaintiff's "right to amend as a matter of course ended with the entry of the judgment of dismissal." *Fearon v.Henderson*, 756 F.2d 267, 267 (2nd Cir. 1985), *overruled on other grounds by Campos v. LeFevre*, 825 F.2d 671 (2nd Cir. 1985); *see United Steelworkers of America, AFL-CIO v. Mesker Bros. Industries, Inc.*, 457 F.2d 91, 93 (8th Cir. 1972).

The Court has reviewed the proposed amended complaint and finds that it would be futile to allow plaintiff to file it with the Court. The amended complaint contains the same defects as the original complaint. That is, plaintiff's allegations against SLCRC must be dismissed because state agencies are immune from suit. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63 (1989). And plaintiff's allegations against the individual defendants fail to state a claim upon which relief can be granted. First, plaintiff has not alleged that either of the individual defendants were responsible for the deletion of his grievance files. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff). Second, plaintiff's allegation regarding defendant Holmes does not rise to the level of

a constitutional violation. As a result, the Court will not allow plaintiff to file an amended complaint in this closed case.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to amend his complaint [#9] is **DENIED** with prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to request transfer of cause to the Eastern District of Missouri [#8] is **DENIED** as moot.

Dated this 17th day of May, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE